## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELSIE McKENZIE, individually and
on behalf of all others similarly situated,

    Plaintiff(s),                                                  Case No. 8:20-cv-01005

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, ELSIE McKENZIE, individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I.    Parties, Jurisdiction and Venue**

1.    Plaintiff ELSIE McKENZIE ("Plaintiff") is a resident of Lakeland, Florida.

2.    Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

3.    Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business in San Diego, California 92108.

4.    MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

5.    MCM collects defaulted debts that it has purchased from original creditors.

6. Federal jurisdiction is based upon 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is appropriate in this district pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

8. Venue is also proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters to addresses within this District and MCM routinely collects consumer debts in this District.

9. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

10. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II. Background Allegations**

**A. The Subject Debt**

11. Plaintiff obtained credit (the "Subject Debt") from Comenity Bank in the form of a Wayfair branded credit card.

12. Plaintiff incurred the Subject Debt for personal and household expenses.

13. Plaintiff made certain payments towards the Subject Debt, but thereafter, she fell into unforeseeable financial difficulties which rendered her unable pay the Subject Debt.

14. The Subject Debt fell into a default status and was charged off on February 29, 2020.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

16. On information and belief, the Subject Debt is not subject to arbitration because the underlying debt sale and purchase agreements merely conveyed the right to collect accounts in the form of "receivables" and MCM was not expressly assigned any right to enforce any potential arbitration against the Subject Debt.

### B. MCM's Collection Efforts Relative to the Subject Debt

17. In an attempt to collect the Subject Debt, MCM sent a letter to Plaintiff dated 4/3/2020 (hereafter the "April 3rd Letter").

18. The April 3rd Letter started by saying:

> Dear Elsie!
>
> I've been trying to reach you to go over your account with Midland Credit Management, Inc. You have a *current balance* of $4,188.09, and I would like to help you resolve your debt. Please refer to your MCM account 30421XXXX.

(emphasis supplied).

19. The April 3rd Letter continued by stating:

> We would like to make an arrangement with you to resolve the above referenced account using the following:
>
> Bi-weekly payments as low as $25 continuing until paid
>
> Please hurry! *This offer is available for 15 days from the date of this letter*. Call me immediately at ==877-898-5129==.

(emphasis supplied, highlighting in original).

20. The April 3rd Letter was signed "Sincerely, Jacqueline Jager" on behalf of Midland Credit Management, Inc.

3

21. The April 3rd Letter concluded by saying "P.S. This offer is exclusively for Elsie McKenzie . . . ."

22. The April 3rd Letter did not contain the phrase "[w]e are not obligated to renew any offers provided."

23. As a general practice, MCM sends debt collection letters to consumers like Plaintiff where the collection letters are formatted to inform consumers that reduced payment options or extended, pay-over-time offers are time-sensitive in nature.

24. As a result of the formatting and working of MCM's collection letters like the April 3rd Letter, Plaintiff and similarly situated least sophisticated and/or unsophisticated consumers, are pressured into making payment decisions relative to debts owed to MCM or an affiliate of MCM and debts owed to other entities.

25. Unbeknownst to Plaintiff and other similarly situated least sophisticated and/or unsophisticated consumers, when MCM sends debt collection letters to consumers like Plaintiff where the collection letters are formatted to inform consumers that reduced payment options or extended, pay-over-time offers are time-sensitive in nature, in reality, MCM's actual policies, procedures and practices result in the offers and payment options being renewed in almost every instance by way of a future letter.

26. Plaintiff and other similarly situated least sophisticated and/or unsophisticated consumers suffered anxiety, stress, confusion and worry after reading MCM's collection letter and deducing that the payment options were time-sensitive in nature.

27. In fact, as a result of reading MCM's April 3rd Letter, Plaintiff was subjected to anxiety, stress, confusion and worry, which resulted in her contacting legal counsel to help explain her payment options and legal rights.

### III. Class Action Allegations Applicable to All Counts

28. On information and belief, more that forty consumers with addresses located within this Judicial District were mailed settlement offer letters where MCM's form of the April 3rd Letter implied that the subject offer was time-sensitive (when that is not true) and the Letter failed to include the phrase "[w]e are not obligated to renew any offer provided" and the subject debts related to defaulted credit card debts involving Comenity Bank's Wayfair branded credit cards.

29. The factual and legal issues related to MCM mailing of similarly formatted letters are common and typical of the proposed class members.

30. Plaintiff will adequately represent the proposed class members.

31. Plaintiff's counsel is an experienced consumer class action attorney and he will adequately represent the proposed class members.

32. A class action is a superior method for adjudicating the claims set forth below.

33. In particular, the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### IV. Causes of Action

**Count I – The April 3rd Letter Violates Section 1692e of the FDCPA**

34. Section 1692e of the FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. The April 3rd Letter constitutes a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt.

36. The April 3rd Letter constitutes a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt because the April 3rd Letter was

5

written and formatted to convey that the payment proposal was time-sensitive in nature by the use of the following language:

> Dear Elsie!
>
> I've been trying to reach you to go over your account with Midland Credit Management, Inc. You have a *current balance* of $4,188.09, and I would like to help you resolve your debt.
>
> * * *
>
> Please hurry! *This offer is available for 15 days from the date of this letter*. Call me immediately at 877-898-5129.
>
> * * *
>
> P.S. This offer is exclusively for Elsie McKenzie . . . .

(emphasis supplied, highlighting in original).

37. Further, the April 3rd Letter did not contain the phrase "[w]e are not obligated to renew any offer provided" or any similar cautionary language.

38. Use of the phrase "[w]e are not obligated to renew any offer provided" or any similar cautionary language would have allowed Plaintiff and others like her to recognize that the proposed offer had the ability to be renewed at a later date.

39. By failing to include the phrase, "[w]e are not obligated to renew any offer provided" or any similar cautionary language, the April 3rd Letter violated Sections 1692e of the FDCPA.

40. The proposed Letter based 1692e class is defined as follows:

> All persons with mailing addresses within this District who were mailed the form collection letter depicted in this Complaint in an attempt to collect a debt owed where the original account was for a Comenity Bank, Wayfair branded credit card.

    **WHEREFORE**, Plaintiff ELSIE McKENZIE respectfully requests that this Honorable Court:

  a. declare that the form of the April 3rd Letter, letter violated Section 1692e the FDCPA;

  b. award Plaintiff statutory damages of $1,000;

  c. award class members maximum statutory damages; and

  d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – The April 3rd Letter Violates Section 1692e(2)(A) of the FDCPA**

  41. Section 1692e(2)(A) of the FDCPA prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

  42. As set forth above, the April 3rd Letter constitutes a false representation of the character and/or legal status of the Subject Debt in violation of Section 1692e(2)(A) because the April 3rd Letter was written and formatted to convey that the payment proposal was time-sensitive in nature by the use of the following language:

> Dear Elsie!
>
> I've been trying to reach you to go over your account with Midland Credit Management, Inc. You have a *current balance* of $4,188.09, and I would like to help you resolve your debt.
>
>      \* \* \*
>
> Please hurry! *This offer is available for 15 days from the date of this letter*. Call me immediately at ==877-898-5129==.
>
>      \* \* \*
>
> P.S. This offer is exclusively for Elsie McKenzie . . . .

(emphasis supplied, highlighting in original).

43. Further, the April 3rd Letter did not contain the phrase "[w]e are not obligated to renew any offer provided" or any similar cautionary language.

44. Use of the phrase "[w]e are not obligated to renew any offer provided" or any similar cautionary language would have allowed Plaintiff and others like her to recognize that the proposed offer had the ability to be renewed at a later date.

45. By failing to include the phrase, "[w]e are not obligated to renew any offer provided" or any similar cautionary language, the April 3rd Letter violated Sections 1692e(2)(A) of the FDCPA.

46. The proposed Letter based 1692e(2)(A) class is defined as follows:

> All persons with mailing addresses within this District who were mailed the form collection letter depicted in this Complaint in an attempt to collect a debt owed where the original account was for a Comenity Bank, Wayfair branded credit card.

**WHEREFORE**, Plaintiff ELSIE McKENZIE respectfully requests that this Honorable Court:

a. declare that the form of the April 3rd Letter, letter violated Section 1692e(2)(A) the FDCPA;

b. award Plaintiff statutory damages of $1,000;

c. award class members maximum statutory damages; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – The April 3rd Letter Violates Section 1692e(10)(A) of the FDCPA**

47. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

48. As set forth above, the April 3rd Letter constitutes the use of a false representation or deceptive means to collect or attempt to collect the Subject Debt in violation of Section 1692e(10) of the FDCPA because the April 3rd Letter was written and formatted to convey that the payment proposal was time-sensitive in nature by the use of the following language:

> Dear Elsie!
>
> I've been trying to reach you to go over your account with Midland Credit Management, Inc. You have a *current balance* of $4,188.09, and I would like to help you resolve your debt.
>
> \* \* \*
>
> Please hurry! *This offer is available for 15 days from the date of this letter.* Call me immediately at ==877-898-5129==.
>
> \* \* \*
>
> P.S. This offer is exclusively for Elsie McKenzie . . . .

(emphasis supplied, highlighting in original).

49. Further, the April 3rd Letter did not contain the phrase "[w]e are not obligated to renew any offer provided" or any similar cautionary language.

50. Use of the phrase "[w]e are not obligated to renew any offer provided" or any similar cautionary language would have allowed Plaintiff and others like her to recognize that the proposed offer had the ability to be renewed at a later date.

51. By failing to include the phrase, "[w]e are not obligated to renew any offer provided" or any similar cautionary language, the April 3rd Letter violated Sections 1692e(10) of the FDCPA.

52. The proposed Letter based 1692e(2)(10) class is defined as follows:

> All persons with mailing addresses within this District who were mailed the form collection letter depicted in this Complaint in an attempt to collect a

debt owed where the original account was for a Comenity Bank, Wayfair. branded credit card.

**WHEREFORE**, Plaintiff ELSIE McKENZIE respectfully requests that this Honorable Court:

a. declare that the form of the April 3rd Letter, letter violated Section 1692e(10) of the FDCPA;

b. award Plaintiff statutory damages of $1,000;

c. award class members maximum statutory damages; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – The April 3rd Letter Violates Section 1692f of the FDCPA**

53. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

54. As set forth above, the April 3rd Letter constitutes a unfair or unconscionable means to collect or attempt to collect the Subject Debt in violation of Section 1692f of the FDCPA because the April 3rd Letter was written and formatted to convey that the payment proposal was time-sensitive in nature by the use of the following language:

Dear Elsie!

I've been trying to reach you to go over your account with Midland Credit Management, Inc. You have a *current balance* of $4,188.09, and I would like to help you resolve your debt.

\* \* \*

Please hurry! *This offer is available for 15 days from the date of this letter*. Call me immediately at 877-898-5129.

\* \* \*

P.S. This offer is exclusively for Elsie McKenzie . . . .

(emphasis supplied, highlighting in original).

10

55. Further, the April 3rd Letter did not contain the phrase "[w]e are not obligated to renew any offer provided" or any similar cautionary language.

56. Use of the phrase "[w]e are not obligated to renew any offer provided" or any similar cautionary language would have allowed Plaintiff and others like her to recognize that the proposed offer had the ability to be renewed at a later date.

57. By failing to include the phrase, "[w]e are not obligated to renew any offer provided" or any similar cautionary language, the April 3rd Letter violated Sections 1692f of the FDCPA.

58. The proposed Letter based 1692f class is defined as follows:

> All persons with mailing addresses within this District who were mailed the form collection letter depicted in this Complaint in an attempt to collect a debt owed where the original account was for a Comenity Bank, Wayfair. branded credit card.

**WHEREFORE**, Plaintiff ELSIE McKENZIE respectfully requests that this Honorable Court:

    a. declare that the form of the April 3rd Letter, letter violated Section 1692f of the FDCPA;

    b. award Plaintiff statutory damages of $1,000;

    c. award class members maximum statutory damages; and

    d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Plaintiff demands trial by jury.**

Dated: April 30, 2020                                                Respectfully Submitted,

                                                                        /s/ Alexander J. Taylor
                                                                        Alexander J. Taylor, Esq.
                                                                        Florida Bar No. 1013947

*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com